UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:21-cr-124-DJH |
| JONATHON CHASE VOWELS-HARPER, | Defendant. |

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Defendant Jonathon Chase Vowels-Harper pleaded guilty to enticement of a minor, receipt of child pornography, and attempted transfer of obscene material to a minor. (Docket No. 105; *see* D.N. 7) Following preparation of the Presentence Investigation Report (PSR), Vowels-Harper objected to paragraphs 27, 29, and 30 of the report.[1] (D.N. 109-1, PageID.602–03) Those objections remained outstanding when the sentencing hearing commenced on September 19, 2024. (*See id.*; D.N. 111) During the hearing, it became apparent that Vowels-Harper's argument as to paragraph 30—which applies a four-level enhancement under U.S.S.G. § 2G2.1(b)(4) for material portraying "sadistic or masochistic conduct or other depictions of violence"—would necessitate in-camera review of disputed video evidence, which was not readily accessible. The hearing was therefore adjourned without objection to allow the necessary review.[2] (D.N. 115) Having now

---

[1] A revised PSR was issued on November 18, 2024, incorporating the victim's impact statement; the changes do not pertain to Vowels-Harper's objections. (*See* D.N. 126)

[2] After the hearing, and contrary to the parties' agreement at the conclusion of the hearing, Vowels-Harper requested for the first time that his defense expert also be permitted to examine the disputed video. (*See* D.N. 121) This request was untimely, as discovery in the case is long closed (*see* D.N. 96), and the deadline to disclose the substance of any expert testimony to be presented at the sentencing hearing has likewise passed. (*See* D.N. 105, PageID.508) Moreover, as discussed in part I.B below, the applicability of § 2G2.1(b)(4) is an objective determination to be made by the Court based solely on the content of the video or image. An expert opinion is thus neither necessary nor appropriate. *See United States v. Corp*, 668 F.3d 379, 389 (6th Cir. 2012) ("[T]he court must determine, based on the contents within the four corners of the image, whether the

reviewed the video, the Court will restate its findings made during the hearing and overrule Vowels-Harper's objections to the PSR for the reasons explained below.

## I.

### A. Findings Made During the September 19 Hearing

#### 1. Base Offense Level

Vowels-Harper first objected to the base offense level in paragraph 27 for "lack of defining sexually explicit conduct." (D.N. 109-1, PageID.602) During the hearing, the Court observed that the applicable sentencing guideline, U.S.S.G. § 2G2.2(c)(1), incorporates 18 U.S.C. § 2256, which defines "sexually explicit conduct" as "actual or simulated—(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person."[3] 18 U.S.C. § 2256(2)(a); *see* U.S. Sent'g Guidelines Manual § 2G2.2, cmt. n.7 (U.S. Sent'g Comm'n 2023). The Court then found that the photograph sent on April 20, 2021, at 6:29 a.m., as well as the photograph sent on April 19, 2021, at 2:46 a.m., met the definition of sexually explicit conduct for purposes of § 2G2.2(c)(1).[4] (D.N. 122, PageID.666–67; *see* D.N. 109, PageID.588 ¶ 15, PageID.586 ¶ 14) In light of that finding, defense counsel agreed that the Court had resolved the objection to paragraph 27. (D.N. 122, PageID.668)

---

circumstances being portrayed are such that an outsider would perceive them as depicting the infliction of pain or humiliation on the minor.").
[3] This definition is subject to an exception not at issue here. *See* 18 U.S.C. § 2256(2)(A)-(B).
[4] Although the Court described the 2:46 a.m. transmission as a video during the hearing, it was in fact a photograph. (*See* D.N. 109, PageID.586)

2

### 2. Double Counting

Vowels-Harper further argued that application of the enhancements in paragraphs 29 and 30 constitutes impermissible double counting. (D.N. 109-1, PageID.603) To address this objection, the Court disaggregated the videos and assigned different videos to each enhancement. Paragraph 29 was assigned the video sent on April 19, 2021, at 8:44 p.m., as well as the video sent on April 23, 2021, at 6:51 p.m. (D.N. 122, PageID.666; *see* D.N. 109, PageID.587 ¶ 14, PageID.589 ¶ 17) Paragraph 30 was assigned the video sent on April 19, 2021, at 2:39 a.m. (D.N. 122, PageID.666; *see* D.N. 109, PageID.586 ¶ 14) Defense counsel then agreed that the double-counting objection was also resolved. (D.N. 122, PageID.668)

### 3. Sexual Contact

Vowels-Harper also contended that U.S.S.G. § 2G2.1(b)(2)(A), which pertains to the commission of a sexual act or sexual contact with a minor, is inapplicable. (D.N. 109-1, PageID.603) During the hearing, the Court noted the statutory definition of "sexual act," which includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(d). The statute defines "sexual contact" more broadly as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

The Court determined that the acts depicted in the video sent on April 19, 2021, at 8:44 p.m.; the photograph sent on April 19, 2021, at 2:46 a.m.; and the video sent on April 23, 2021, at 6:51 p.m. all supported application of the two-level enhancement in paragraph 29. (D.N. 122,

PageID.670–71; *see* D.N. 109, PageID.586–87 ¶ 14, PageID.589 ¶ 17)  This finding is consistent with Sixth Circuit precedent establishing that self-masturbation falls within the definition of sexual contact under § 2246(3) if the other statutory requirements are met.  *See United States v. Shafer*, 573 F.3d 267, 273 (6th Cir. 2009).  Vowels-Harper does not dispute that those other elements are met here.  (*See* D.N. 122, PageID.672)  This objection will therefore be overruled.

**B.        New Finding: Four-Level Enhancement for Sadistic or Masochistic Conduct**

Vowels-Harper's final objection is to application of the four-level enhancement in paragraph 30.  (D.N. 109-1, PageID.603)  Guideline § 2G2.1 provides a four-level increase where "the offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence."  U.S.S.G. § 2G2.1(b)(4).  The Sixth Circuit has defined sadism as "the infliction of pain upon a love object as a means of obtaining sexual release."  *United States v. Groenendal*, 557 F.3d 419, 425 (6th Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Lyckman*, 235 F.3d 234, 238 n.19 (5th Cir. 2000)).  This definition encompasses instances of both physical pain and mental harm.  *See Corp,* 668 F.3d at 389.  Additionally, the Sixth Circuit defines masochistic images as those that depict "a sexual perversion characterized by pleasure in being subjected to pain or humiliation, esp[ecially] by a love object."  *Id.* (alteration in original) (citing *Merriam Webster's Collegiate Dictionary* 1029 (10th ed. 1995)).

"[W]hether a particular image can be classified as portraying sadistic or masochistic conduct under § 2G2.1(b)(4) is an objective determination."  *Id.*  This means that the Court must determine,

> by a preponderance of the evidence[,] that an image or material (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter—that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor.

4

*Id.* at 389–90. The first element—sexual activity involving a minor—is not in dispute here. (*See* D.N. 122, PageID.675)  And as the Court underscored during the hearing (*see id.*, PageID.676), the objective-viewer standard means that there is no need for the Court to assess the minor victim's actual pain levels or consider whether the victim had previously engaged in similar activities. *See Corp*, 668 F.3d at 389 ("[W]hether an adult in the image is in fact intending to inflict physical or mental pain and whether the minor in fact experiences such pain are immaterial."); *see also United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009) ("Raplinger's counsel conceded at the sentencing hearing that [§ 2G2.1(b)(4)] applies to what the material portrays rather than what the victim experiences."). Instead, "[w]hat matters is whether the image in question shows physical or emotional pain, punishment, or humiliation." *United States v. Preston*, No. 23-5675, 2024 WL 4590865, at *4 (6th Cir. Oct. 28, 2024) (citing *United States v. Cover*, 800 F.3d 275, 280 (6th Cir. 2015); *Corp*, 668 F.3d at 390).

The enhancement for sadistic or masochistic conduct in this case was based on the video sent April 19, 2021, at 2:39 a.m., which depicts the victim "using what appears to be a marker inserted into her vagina."  (D.N. 122, PageID.666; *see* D.N. 109, PageID.586 ¶ 14, PageID.591 ¶ 30)  This behavior was performed at the instruction of Vowels-Harper, who directed the victim to send him a video of herself smiling, "play[ing] with [her] [vagina]," and "stick[ing] the remote" or "any other toys" in. (D.N. 109, PageID.585–86 ¶ 14)  The victim was twelve years old at the time of her interactions with Vowels-Harper on Snapchat. (*Id.*, PageID.583 ¶ 9)

The Sixth Circuit recently considered application of § 2G2.1(b)(4) under strikingly similar circumstances.  In *Preston*, the offense involved images of a thirteen-year-old girl penetrating herself with a hairbrush and pencil at the defendant's direction. *See* 2024 WL 4590865 at *4. Noting the "broad agreement among the circuits that child pornography depicting penetration of a

5

child with foreign objects is sadistic," *id.* n.2 (collecting cases), the Sixth Circuit concluded that the images were sadistic both because the conduct depicted was painful and because it was humiliating. *See id.* at *4.

Having reviewed the video at issue here, the Court concludes that it is "[c]ommon sense" that images "of a middle- and high-school aged girl inserting [foreign] objects into her private parts are sadistic." *Id.* At minimum, such conduct is objectively humiliating. *See id.*; *Corp*, 668 F.3d at 390. The video sent on April 19, 2021, at 2:39 a.m. shows the minor victim inserting an "everyday object[] into her private parts" at Vowels-Harper's direction. *Preston*, 2024 WL 4590865, at *5. The Court therefore finds by a preponderance of the evidence that the video "portrays conduct that would cause an objective viewer to believe . . . that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor," *Corp*, 668 F.3d at 389–90, and the four-level increase is appropriate under § 2G2.1(b)(4). *See Preston*, 2024 WL 4590865, at *5.

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant Jonathon Vowels-Harper's objections to the final Presentence Investigation Report are **OVERRULED**. Vowels-Harper's request for expert review of the video is **DENIED**. The sentencing hearing will resume pursuant to a subsequent Order.

November 20, 2024

David J. Hale, Judge
United States District Court